### Ada C. Devine, Adm'x, v. W. R. Caldwell et al.

1. EQUITY—*Court Having Jurisdiction May Settle All the Equities Between the Parties.*—A court of equity having jurisdiction of the subject-matter and the parties may settle the equities between them even as to matters where relief could be had at law.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded with directions. Opinion filed June 5, 1903.

GRAHAM H. HARRIS, attorney for appellant.

ALLEN G. MILLS, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a bill said to be in the nature of a creditor's bill. It was brought by appellant's intestate in his lifetime, to subject a stock of goods, claimed to be owned by the L. S. Wilkinson Company, to the payment of his judgment It is also claimed in the alternative that said deceased was entitled as owner to the entire stock of goods which at the time of filing the bill was in possession of the defendant L. S. Wilkinson Company.

The debt for which the deceased recovered judgment was incurred by a concern known as the Wilkinson Company, which gave its judgment note for the amount. Being

Devine v. Caldwell.

indebted to Laura S. Wilkinson, wife of its principal stockholder, the Wilkinson Company conveyed to her all its assets in payment of such debt, and went out of business. Subsequently Laura S. Wilkinson sold the property so conveyed to her to one Samuel A. Bobb, to whom she executed a bill of sale, receiving in payment therefor five notes made by said Bobb, each for $1,800, none of which have been paid. Upon receiving the bill of sale, Bobb transferred the property to a corporation known as the Noll Novelty and Specialty Company, and shortly thereafter, Mrs. L. S. Wilkinson having granted the use of her name by a formal agreement, the name of said company was changed to L. S. Wilkinson Company.

In March, 1898, Laura S. Wilkinson assigned to appellants all her right, title and interest in and to the property before conveyed by her to said Bobb and by him to the L. S. Wilkinson Company, which is made a party defendant, and of all her claims against that company.

It is charged that Laura S. Wilkinson was imposed upon by appellee Caldwell, and that the sale to Bobb and the transfer from him to the Noll Novelty and Specialty Company, now L. S. Wilkinson Company, was brought about pursuant to a fraudulent scheme on the part of Caldwell to defraud Laura S. Wilkinson of the property in controversy. The special commissioner to whom, as master, the cause was originally referred, found that Laura S. Wilkinson never received any valuable consideration for the property transferred to Bobb, that the latter received no valid title thereto as against Laura S. Wilkinson, and that the L. S. Wilkinson Company, through its proper officers, had knowledge of her rights in and to said property; that the transfer to Bobb was made with the understanding and agreement between appellee Caldwell and Laura S. Wilkinson, of which Bobb had notice, that the property was to be transferred by Bobb to a corporation, as was done, and that in consideration of such transfer Bobb was to receive the capital stock of said corporation in payment for the goods, and was to hold the shares of capital stock for

Laura S. Wilkinson and transfer them to her; that the stock so issued to Bobb was never turned over to her, and that when she demanded it, appellee Caldwell replied that it was in a safe place and he would hold it for her. Caldwell now asserts that Laura S. Wilkinson has no interest in or title to said stock or any other of the assets of the company.

The evidence seems to justify, in the main, the commissioner's findings of fact. The books of the L. S. Wilkinson Company are so kept, apparently, as not to enable any one to obtain an intelligent understanding of the company's business. That Bobb and Caldwell have not dealt in good faith with L. S. Wilkinson, and that she acted entirely on Caldwell's representations and relied upon him, are conclusions justified by the evidence. The sale and transfer of the property to the corporation was, however, in accordance with the purpose with which the property was turned over to Bobb. Whether he obtained any valid title himself is immaterial, inasmuch as he acted only as an intermediary for the transfer by L. S. Wilkinson through him of the property to the corporation. The effect was the same as if L. S. Wilkinson had transferred the property directly to the corporation. That part of the arrangement was carried out in accordance with her understanding. The fraud was committed, if fraud there was, in assigning to other parties the shares of stock taken from the corporation in payment for the property. These shares of stock belonged, as the evidence tends to show, to L. S. Wilkinson, and were received in trust for her by Bobb. It is the shares of stock, and not the property for which they were given in payment, to which appellant is entitled as her assignee.

The bill in this case proceeds upon the theory that appellant is entitled to recover the property transferred to the corporation. Although this theory is in our opinion erroneous, the facts set up in the bill and the proof taken indicate that the complainant may be entitled in any event to relief against some of the parties defendant. The court, having jurisdiction of the subject-matter and the parties,

may settle the equities between them even as to matters where relief could be had at law. The bill, therefore, ought not to have been dismissed. The order of dismissal will be reversed and the cause remanded, with directions to allow appellant to amend her bill, and for further proceedings not inconsistent with the views above expressed.